Kirkpatrick C. J.
This is an action of debt, upon a single bill, which is in these words, viz.
I, Seneca Sinnichson, am hereby bound to Benjamin Sterling, *for the sum of one thousand dollars, provided he is not lawfully married, in the course of six months from the date hereof. Witness my hand and seal. Burlington, May, 16,' 1816. (Signed) Seneca Sinnichson.
The declaration in this case, in the first place, recites that the defendant had been summoned to answer the plaintiff in a plea, that he should render unto him $2000; then sets forth the making of the bill, with its date, and avers that the plaintiff was not married within six months from the date thereof, but does not conclude with the unde actio accrevit, but merely with an averment, that the' defendant had notice, and that he refused to pay, &c.
To this declaration there is a general demurrer, and a joinder in demurrer. ”
This demurrer, as it has been argued at the bar, calls in question, in the first place, the form of the pleading, .and in the second place, the ground of the action.
1. It is said that when the action does not arise directly upon the writing itself, but upon some future contingency, specified in the writing, it is necessary to aver, not only that such contingency has happened, but also, that by reason thereof, an action hath accrued to the plaintiff, and that the defendant hath had notice thereof, but refused to pay, &c. And, though this seems to be the most approved form in the books of entry, yet, where the contract is in writing, and under seal, as is the case here, I cannot see that the omission is fatal. All the facts necessary to give a complete right of action, are alleged in the declaration; they are alleged in such manner, as that such right necessarily arises from them; and in such, manner, too, as to be susceptible of denial, or avoidance by plea, properly pleaded ; this is all that is essential.
But there is another fault in the declaration, more material than this. It is a rule, that in actions of debt, tlie writ must be for the specific debt, or sum, demanded, and *875 not for the damages of detention ; it is a rule too, that the declaration must follow the writ, and not be variant from it. Here, the writ is for $2000, the declaration for $1000, only, and the debt, manifestly, but $1000. Both these rules, therefore, are violated. Nor is this irregularity helped, by laying the damages of detention at $2000, for, in this form of action, ive proceed for the debt, and the damages of detention are only consequential. Bur,, though this be so, yet, *upon a general demurrer, it will not be fatal, for sufficient appears in the declaration, as it is, to enable the court to give judgment, according to the very right of the case.
Upon, the form of the pleading, therefore, this general demurrer cannot be maintained.
2. As to the ground of action. The defendant maintained, 1. That this is a contract, the subject of which is evidently useless and nugatory, and therefore cannot be enforced by an action at law; and 2. That it is a contract in restraint of marriage, and therefore inoperative and void.
It may be observed, in general, that in considering a contract under seal, upon a general demurrer, we are precluded from looking into the consideration of it, further than the same is apparent upon the face of the contract itself; that if the consideration do appear upon the face of it, and be insufficient to support it, no other, or different one, can be supplied, or brought to its aid ; and that the sufficiency, or insufficiency, of such consideration, must be determined by the same rules as in actions upon simple contracts. And it may be observed too, that if the consideration, so apparent, be, in its very nature, useless, and unprofitable, or if it be unlawful, and against the public policy, it is insufficient to support the contract. For where the consideration, which is the ground of the promise, or the promise, which is the effect of the consideration, is either useless or unlawful, the whole contract is void. 1 Buis. 38. They are mutually dependant upon one another; the one cannot stand without the other.
Now a consideration is defined to be a cause, or occasion meritorious, that requires a mutual recompense. Dyer 336. All idle and insignificant considerations, therefore, which *876 require no mutual recompense, are looked upon as none; that wherever a person promises without benefit arising to the promiser, or loss to the promisee, the promise is void. 2 Buls. 269. It is there said to be against reason to undertake to do an act which can produce no good, and may produce evil; and if so, it is generally against reason to make such undertaking the consideration of a contract for the payment of money.
But these principles are so familiar, that if would be wasting time to cite authorities to prove them. It was so in the Roman law; it is so in our law; and it must be sh in all law founded in reason and.common sense. Judging, then, from the face of this instrument, we shall probably find reason to say, that it is liable to both the objections taken by the defendant. For
1. The bill is for the payment of money. , The consideration for which that money is to be paid, is expressed in the bill itself. It is the forbearance of the plaintiff to marry, for six months. The parties, so far as appears, (and we are to supply nothing by intendment) were mere Strangers to one another; the marrying, or not marrying, of the plaintiff, was a matter wholly indifferent to the defendant, in point of interest or profit. If he married, it could do the defendant no injury; if he remained unmarried, it could benefit him nothing. The subject of the contract was evidently useless and nugatory. It was folly in the defendant, and worse than folly in the plaintiff, to enter into it. The law will never execute it.
2. Again. The contract was not only useless and nugatory, but it was contrary to the public policy.
Marriage lies at the foundation, not only of individual happiness, but also, of the prosperity, if not the very existence, of the social state; and the law, therefore, frowns upon, and removes out of the way, every rash and unreasonable restraint upon it, whether by way of penalty or inducement.
If these parties had entered into mutual obligations, the plaintiff not to marry within six months, and the defendant to pay him therefor, this sum of $1000, there can be ho doubt, I think, but that both the obligations would have been void. In the case of Key v. Bradshaw, *877 (2 Vern. 102) there was a bond in the usual form, .but proved to be upon an agreement to marry such a man, or to pay the money mentioned in the bond ; but the bond was ordered to be cancelled, it being contrary to the nature and design of marriage, which ought to proceed from free choice, and not from any restraint or compulsion. In the case of Baker v. White, (2 Vern. 215) A. gave her bond to R for £100 if she should marry again, and R gave her his bond for the same sum, to go towards the advancement of her daughter’s portion, in case she should not marry; it was, as lord Mansfield says, in Lowe v. Peers, (Bur. 2231) a mere wager, and nothing unfair in it; and yet A. was relieved against her bond, because it was in restraint of marriage, which ought to be free. A bond, therefore, to marry, if there be no obligation on the other side, no mutual promise; or a bond, not to marry; are equally against law. They are *both restraints upon the freedom of choice and of action, in a case where the law wills that all shall be free. If the consideration for which this money was to be paid, then, was the undertaking of the plaintiff not to marry, that consideration was unlawful; he would have been relieved against it, either at law or in equity; and if so, the corresponding obligation to pay, according to the principle before stated, is void.
It has been spoken of, by the plaintiff, as if this were an obligation to pay money upon a future contingency, which any man has a right to make, either with, or without, consideration; and as if the not marrying of the plaintiff were not the consideration of the obligation, but the contingent event only, upon which it became payable. But I think this is not a correct view of the case. Where the event, upon which the obligation becomes payable, is in the powder of the obligee, and is to be brought about by his doing or not doing a certain thing, it cannot be so properly called a contingency; it is rather the condition meritorious, upon which the obligation is entered into, the moving consideration for which the money is to be paid. It is not, therefore, to be considered as a mere contingency, but as a consideration, and it must be such consideration as the law regards.
*878 Nor does it at all vary the case, that the restraint was for months only. It was still a restraint, and the law has made no limitation as to the time. Neither can the plaintiff’s performance, on his part, help him. It imposed no obligation upon the defendant; it was wholly useless to him; the contract itself was void from the beginning. Therefore, in my opinion, let there he judgment for the defendant.
Rossell J.
Benjamin Sterling, brought an action against the defendant, Sinnickson, on a sealed bill, to which the defendant demurred, &c.
The counsel for the defendant contends, 1. That the obligation, itself, is void. 2. The subject of it being to restrain marriage, is unlawful. 3. The declaration sets out no consideration, nor is there an}' in the bill' itself; and cites Pow. on Con. 167-8-9, 174, 231. 4 Bur. 2225. 2 Atk. 535. 2 Vern. 215. Shep. Touch. 129. The counsel for the plaintiff, denies the application of those authorities to this case, and alleges, that restraint of marriage is lawful when time, place, or person are named, and cites 15 Vin. *272. Godol. O. L. 45. Swinb. 281. 5 Vin. 95. 1 Wils. 59. 3 P. Wms. 65. 2 Vern. 308. 1 Atk. 392-3.
It is a general principle, that all obligations given to restrain marriage, or for any other matter operating against the public policy and interests of the nation, are void. This sealed bill, then, being given to restrain the marriage'of B. Sterling, is void, unless something shall be found to take it out of this general rule. Viner, Godolphin, Swinburne, &e. lay it down, when speaking of legacies, that a total restraint of marriage, in a will, is unlawful and void; but not so if confined to time and person: and that testator may leave his daughter a legacy if she does not marry before she is twenty, &c.; and this from prudential motives, allowable in law. So he may restrain his widow from marrying, for a certain period, as it may, perhaps, be necessary that she should take care of and educate his children ; but some of the same authorities add, “ this could not he done by a stranger.” And I find no case, but in that of legacies, (with one exception of a gift) that gives validity to an *879 instrument, when made in contradiction to the principle first mentioned. And the principle of time, place, person, appears to apply to legacies, only, unless for a good consideration. 5 Fin. Abr. 94. A man was bound to another, that he should not use his art in D. in such a time. Hull said, if the plaintiff was present he should go to prison. kSo in 96 : bonds restraining a man as to the exercise of his trade, are void : so to a husbandman not to sow his land, 95: one seeks to put a bond in suit. against another, who promised not to marry without the consent of friends : was ordered not to proceed. In the present case, there is no good consideration set forth in the instrument, nor could any be devised by implication. T, therefore, am of the opinion, that no action can be maintained on it. It is against the general policy of the country ; it contains no good consideration.
Southaud J.
assented to the opinions expressed by the rest of the court.
Judgment for defendant.